Nash, C. J.
 

 We had supposed the rule of law to be well
 
 *2
 
 settled that when an action is to recover the possession of a special written instrument, or the paper is itself the founda* tion of the action, the bringing of the action is notice to the defendant and none other is required. It
 
 is
 
 a general rule, that where a written instrument is in the hands, or power of the defendant, the plaintiff, in order to avail himself of parol evidence of its contents, or to give a copy in evidence, must give notice to produce it on the trial, and must then prove its existence and its being in the possession or under the control of the defendant:
 
 Smith
 
 v.
 
 Sleap,
 
 1st Car. and Kir. 48.
 

 To the first portion of the rule there are' three exceptions stated by Mr. Greenleaf, in his treatise on Evidence, S. 51, vol. 1st: First: Where the instrument to be produced and that to be proved are duplicate originals.
 
 Second:
 
 Where the instrument to be produced is, itself, a notice; as a notice to quit the possession of land ; or a notice of the dishonor of a bill of exchange.
 
 Third:
 
 Where from the nature of the action, the defendant has notice that the plaintiff intends to charge him with the possession of the instrument: as in teo-vee for a bill of exchange or note of hand. In either of these cases'is a notice to produce the instrument required, necessary ; because the action itself is deemed in law sufficient to put the defendant on his guard and to prevent surprise. This case falls under the third exception. The action is brought for the detainer by the defendant of a policy of insurance, the property of the plaintiff’s intestate: and it was proved that it was in his possession as the agent of Scott, the intestate, at the time of the demand made by the plaintiff. It was not necessary, therefore, for the plaintiff to give the defendant notice to produce the instrument, and his Honor committed no error in admitting the evidence complained of.
 

 Judgment affirmed.
 

 Per Cueiam.